IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD O. GARRISON, JR.,     *
                                *
                                *
        v.                           *      Civil No. JFM 10-CV-0298
                                *
MCCORMICK & COMPANY, INC.    *
                                *
                                *
                             ******

**MEMORANDUM**

Donald O. Garrison, Jr. ("Plaintiff") brings this employment discrimination action against his employer, McCormick & Company, Inc. ("McCormick"), alleging unlawful discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et. seq.*, 42 U.S.C. § 12112(a), and 42 U.S.C. § 12933(a). Now pending before this Court is McCormick's motion to dismiss for failure to file a timely, minimally sufficient charge with the United States Equal Employment Opportunity Commission ("EEOC"). For the following reasons, the motion to dismiss is granted.[1]

I. FACTS

Only a limited recitation of facts is necessary to analyze the pending motion. Plaintiff is a diabetic man who was employed by McCormick in June 2008 and was terminated for allegedly discriminatory reasons on September 19, 2008. (Complaint at ¶¶ 21-22.) On October 21, 2008, Plaintiff's counsel faxed a written charge of discrimination on EEOC Form 5 (No. 531-2009-023410) to the EEOC Baltimore Field Office. (Complaint at ¶¶ 45a-b.) The form identified two employers: (1) McCormick; and (2) Domino Sugar, where Plaintiff previously worked. The

---

[1] Plaintiff's motion for leave to file a surreply is granted.

boxes for "retaliation" and "disability" were checked, but the portion of the form provided for "particulars" was left blank. (Motion to Dismiss, Exh. 1, Charge of Discrimination.[2])

From approximately November 2008 to August 2009, representatives from Plaintiff's counsel's law firm unsuccessfully attempted to contact the Baltimore Field Office numerous times to obtain a status update on Plaintiff's case. (Complaint at ¶ 45c-d.) On August 11, 2009, an attorney from Plaintiff's counsel's office called the Baltimore Field Office and was told that the EEOC had no record of Plaintiff's claim. Plaintiff's counsel's office then re-faxed the original Form 5 on the same day. (*Id.* at ¶ 45e.)

On August 13, 2009, an investigator from the Baltimore Field Office, Pamela Lichtenberg ("Ms. Lichtenberg"), contacted Plaintiff's counsel via email and indicated that the form received on August 11 was deficient because it was not timely filed and was not minimally sufficient to constitute a charge. (*Id.* at ¶ 45g.) Plaintiff's counsel then informed Ms. Lichtenberg about the initial Form 5 transmission and provided her with a duplicate fax report, showing that the document had been received by the Baltimore Field Office. (*Id.* at ¶ 45h.) Ms.

---

[2] At the motion to dismiss stage, courts may take judicial notice of matters of public record, and they may consider documents attached to a motion to dismiss "so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted). There has been some confusion regarding whether EEOC documents attached to a motion to dismiss may be considered without converting the motion into one for summary judgment. *Compare, e.g.*, *White v. Mortgage Dynamics, Inc.*, 528 F. Supp. 2d 576, 579 (D. Md. 2007) ("As [the Charge of Discrimination] is integral to the Complaint and since Plaintiff has expressed no objection, the Court will consider this document in ruling on the Motion to Dismiss, thus not converting it to a Motion for Summary Judgment."), *and Bratcher v. Pharm. Prod. Dev.*, 545 F. Supp. 2d 533, 538 n.3 (E.D.N.C. 2008) ("The court takes judicial notice of plaintiff's EEOC charge and the EEOC right-to-sue letter. A court may rely on documents that are integral to and explicitly relied on in the complaint without converting the motion into a motion for summary judgment."), *and Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006) ("In reviewing the Rule 12(b)(6) ruling, it is proper for this court to consider the plaintiffs relevant filings with the EEOC . . . none of which were attached to the complaint, because [plaintiffs] rely on these documents to satisfy the . . . time limit requirements."), *with Talbot v. U.S. Foodservice, Inc.*, 204 F. Supp. 2d 881, 882-83 (D. Md. 2002) (treating a motion to dismiss or, in the alternative, a motion for summary judgment, as a motion for summary judgment to consider EEOC charge and EEOC discharge questionnaire), *and Talbot v. U.S. Foodservice, Inc.*, 191 F. Supp. 2d 637, (D. Md. 2002) (same), *and Rohan v. Networks Presentation LLC*, 175 F. Supp. 2d 806, 809 (D. Md. 2001) ("Because I am considering these extrinsic documents [ADA form and EEOC charge], I must convert Defendant's Motion to Dismiss . . . to a Motion for Summary Judgment . . . ."). My prior holdings notwithstanding, I have concluded that *Phillips* is correct and that I may consider EEOC documents without converting defendant's motion to dismiss into a motion for summary judgment.

Lichtenberg responded with an email stating that the fax report confirmed the timeliness of the filing, but the issue of its sufficiency remained. (*Id.* at ¶ 45i.) Plaintiff's counsel then forwarded a copy of Plaintiff's handwritten notes. (*Id.* at ¶ 45j.) Plaintiff's notes describe a diabetes-related incident that led to his termination, but they do not explicitly allege any discrimination. (Motion to Dismiss, Exh. 2, Plaintiff's Handwritten Notes.) On November 3, 2009, the EEOC issued a Dismissal and Notice of Right to Sue. (Motion to Dismiss, Exh. 3, Dismissal and Notice of Rights.) The EEOC Notice advised Plaintiff his case was closed because, "Your charge was not timely filed with EEOC . . . ." (*Id.*) No other reason, such as a failure to provide sufficient information, was given. (*Id.*) McCormick has moved to dismiss on the grounds that the charge was untimely and insufficient.

## II. ANALYSIS

In order to maintain an action under the ADA, a plaintiff must file an administrative charge of discrimination within the time period allotted. *Valderrama v. Honeywell Tech. Solutions, Inc.*, 473 F. Supp. 2d 658, 662 n.4 (D. Md. 2007), *aff'd*, 267 F. App'x 25 (4th Cir. 2008) (unpublished), (citing 42 U.S.C. § 2000e-5(e)(1) and *Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004)).[3] Because Maryland is a "deferral state," the time period allowed is 300 days. *Id.* (citation omitted); *see also Walton v. Guidant Sales Corp.*, 417 F. Supp. 2d 719, 720-22 (D. Md. 2006) (explaining that a plaintiff bringing an ADA suit in Maryland has 300 days from his termination to file a legally sufficient charge). To constitute a sufficient charge, a filing must be "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Additionally, the filing "must be reasonably construed as a request for the agency to take remedial action to

---

[3] Title VII's enforcement procedures, including those contained in § 2000e-5, are incorporated into the ADA by 42 U.S.C. § 12117.

protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (discussing similar language in 29 C.F.R. § 1626.6).

After filing, "[a] charge may be amended to cure technical defects or omissions . . . or to clarify and amplify allegations made therein." 29 C.F.R. § 1601.12(b). "Such amendments . . . will relate back to the date the charge was first received." *Id.* Significantly, the document filed with the EEOC must actually constitute a charge in order to fall within the regulation permitting amendments to relate back. *See Lane v. Wal-Mart Stores E., Inc.*, 69 F. Supp. 2d 749, 753-54 (D. Md. 1999) (finding a document to be a charge before holding that a subsequently filed document could relate back to it). To hold otherwise would undermine the purpose of filing a charge, which is to notify employers of alleged discrimination and initiate the EEOC's investigation. *See Valderrama*, 473 F. Supp. 2d at 663 n.8. An insufficient charge puts neither the EEOC nor the employer on notice, so allowing amendments after the filing deadline would be prejudicial.

Here, Plaintiff failed to file a charge within the 300 day permissible period. The Form 5 filed on October 21, 2008, failed "to describe generally the action or practices complained of," as required by 29 C.F.R. § 1601.12(b). *See also Holowecki*, 552 U.S. at 402 (noting that a charge must include "the information required by the regulations, *i.e.*, an allegation and the name of the charged party"). The only information provided to the EEOC was that the boxes marked "retaliation" and "disability" were checked. Arguably, Plaintiff also failed to satisfy the even more basic requirement to "identify the parties" because he listed Domino Sugar in addition to McCormick, an inclusion still unexplained. Because Plaintiff failed to file a charge within the allotted period, his subsequent submissions cannot relate back and cure the deficiencies.

4

Furthermore, even if Plaintiff's handwritten notes did relate back and supplement the initial Form 5 filing, Plaintiff still failed to provide minimally sufficient information to the EEOC.  *Cf. Valderrama*, 473 F. Supp. 2d at 663 (finding the information provided insufficient where plaintiff checked pre-marked boxes and then described events the court summarized as "unidentified persons made comments about her").  The notes do not explain why Plaintiff believes he was the victim of unlawful discrimination.  Rather, they merely describe how his diabetes caused him to act in an unacceptable manner at work, leading to his dismissal.

This result does not conflict with the Supreme Court's admonition to construe documents filed with the EEOC "to protect the employee's rights and statutory remedies."  *Holowecki*, 552 U.S. at 406.  As a preliminary matter, the Supreme Court's reasoning in part was that "[c]onstruing ambiguities against the drafter . . . would encourage individuals to avoid filing errors by retaining counsel, increasing both the cost and likelihood of litigation."  *Id.*  Here, Plaintiff retained a lawyer from the beginning of his interaction with the EEOC.  Although it is not appropriate to apply "an entirely different analysis . . . to counseled submissions to the EEOC," *see Holender v. Mutual Indus. N. Inc.*, 527 F.3d 352, 357 (3d. Cir. 2008), it is certainly worth noting that the considerations at issue in *Holowecki* are not present here.  More significantly, this is not a matter of harshly construing ambiguities; Plaintiff and Plaintiff's counsel left a critical portion of Form 5 entirely blank.  In fact, they have never completed this portion, even when attempting to amend the filing with the addition of Plaintiff's notes.  Consequently, Plaintiff failed to file a timely, minimally sufficient charge.

For the foregoing reasons, McCormick's motion to dismiss is granted.

Date:   June 30, 2010                             ___/s/_____
                                                      J. Frederick Motz
                                                      United States District Judge